## 524. LOUISVILLE & NASHVILLE RAILROAD COMPANY et al. v. BLACKMON.

1. The unauthorized mutilation of the dead body of a husband gives a. right of action to his widow.
2. A surgeon, being sent by two railway companies to a wreck, to give· professional attention to an engineer who had been injured, caused him to be moved to a hospital, where he soon died; after the death had occurred he ordered the body carried to an undertaker's establishment, and there he and the undertaker, without the consent of relatives, mutilated the corpse. *Held,* that the tort of the surgeon was not within the scope of the business for which he was employed, and that the railway companies were not responsible for the mutilation.

Action for damages, from city court of Richmond county— Judge Eve.   May 18, 1907.

Argued October 31,—Decided November 25, 1907.

This action was instituted by Mrs. Blackmon against the Louis-· ville & Nashville Railroad Company and the Atlantic Coast Line· Railroad Company, as lessees of the Georgia Railroad, W. E. Platt, and W. R. Houston, as joint tort-feasors.   The portions of· the petition material to an understanding of the issues presented before the court are as follows:   "On or about June 6, 1906, Thomas J. Blackmon, the husband of the plaintiff, while in the· discharge of his duty as engineer on an engine on said road be-· tween Atlanta and Augusta, was fatally injured in a collision or· wreck on said railroad, and, after said injury, the said Thomas

J. Blackmon was, by the officers or employees of said railroad, placed under the charge of said W. R. Houston, physician and surgeon, who had been sent to the scene of the wreck by the offi- cers of said company for the purpose of giving professional at- tention to said Thomas J. Blackmon and others who were injured; and the said W. R. Houston was the authorized agent and surgeon of said lessees. The said Thomas J. Blackmon was promptly re- moved to the hospital in the city of Augusta, under the direc- tion of said W. R. Houston, agent and surgeon as aforesaid, who gave him professional attention up to the time of his death, which occurred about thirty-six hours after the injury. After the death of said Thomas J. Blackmon at the hospital, his body, under the direction of said W. R. Houston, or other agent of said lessee com- panies, was removed to the undertaking establishment of said W. E. Platt, in the city of Augusta, where said body, on the same day, with the consent and co-operation of said W. E. Platt, was terribly mutilated by the said W. R. Houston, agent and servant as aforesaid, by cutting and sawing said dead body from the top of the breast bone clear down nearly to the pelvic bone, and all the internal organs were taken out, but afterwards replaced by the said W. R. Houston, agent and surgeon as aforesaid, or the said W. E. Platt, acting in co-operation with him. The mutilation of the remains of plaintiff's husband as aforesaid was done without lawful authority, and without the consent of this plaintiff or of any other member of the family of deceased, or any relative or kinsman, and said mutilation was not discovered until after the remains had been shipped to Atlanta for burial and an examination of them was there made; and when the facts were disclosed to plaintiff she suffered intense mental pain and anguish by reason thereof. Plaintiff charges that in mutilating the remains of her husband as aforesaid, all of said defendants were joint tort-feas- ors, and each and all are liable to her in law, and she claims dam- ages in the sum of five thousand dollars, and asks judgment of the court for the same." Each defendant filed a general demurrer, which the court overruled. The defendants jointly and severally assign error in that judgment.

*Joseph B. & Bryan Cumming, C. H. & R. S. Cohen,* for plain- tiff in error.

*William H. Fleming, Westmoreland Brothers,* contra.

6

POWELL, J. (After stating the facts.)

1. That the unauthorized mutilation of the dead body of the husband gives a right of action to the wife is conceded. *Medical College of Georgia* v. *Rushing,* 1 *Ga. App.* 468 (57 S. E. 1083); 13 Cyc. 281; 8 Am. & Eng. Enc. of Law (2d ed.), 834; 64 Central Law Journal, 275. Therefore, under the allegations of the petition, there can be no question as to the liability of the individual defendants, Platt and Houston, who participated in the alleged mutilation. So we shall discuss only the proposition whether the two railroad defendants are liable for the acts of their surgeon who committed the mutilation of the body.

2. Conceding that a surgeon of a railway company is such a servant as to be within the purview of section 3817 of the Civil Code of 1895, which provides that "Every person shall be liable for torts committed by his . . servant by his command, or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary," still we can not hold that the tort complained of here was within the scope of the business for which the servant was employed. Whether the railway company furnished surgical attention to the engineer for the purpose of diminishing the effect of an injury for which they apprehended they might be held liable, or as a mere gratuity, the business entrusted to the surgeon was that of ministering to a living man; and when death had rendered all further ministration unavailing, the duty and business with which he had been entrusted by the railway companies were at an end. Certainly the limit to the scope of his authority was reached when he had closed the dead eyelids down and had delivered the body to him to whom next in natural order the corpse should go,—the undertaker. A case might arise in which a railroad company would be liable for the mutilation of a dead body by a surgeon; as, when, for the purpose of obtaining evidence or for other reason, it directed an autopsy to be made. Such is not here alleged to be the case. The mere allegation that the person committing the tort was agent and surgeon at the time does not render any the less necessary the statement of facts showing that the act was by command of the employer or within the scope of the employment. *Lewis* v. *Amorous,* ante, 50 (59 S. E. 338).

As to the plaintiffs in error Houston and Platt, the judgment is *affirmed;* as to the plaintiffs in error Louisville & Nashville Railroad Company and Atlantic Coast Line Railroad Company, the judgment is *reversed.*